# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HARRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHY MENDOZA-POWERS,<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | CV F  06-0462 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 6] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is serving a sentence of life with the possibility of parole in the custody of the California Department of Corrections and Rehabilitations based on his 1985 conviction of second degree murder.

Petitioner filed the instant petition for writ of habeas corpus on March 28, 2006, in the United States District Court for the Northern District of California. By order of April 13, 2006, the petition was transferred to this Court.

In his petition, Petitioner contends that the Governor improperly reversed the Board of Parole Hearings' July 22, 2004, decision finding him suitable for parole. (Petition, generally.)

By order of May 22, 2006, the Court directed Respondent to submit a response to the petition. Respondent filed a motion to dismiss the petition on July 24, 2006, on the ground that

1

the Court lacks subject matter jurisdiction over the petition. (Court Doc. 6.) Petitioner filed an opposition to Respondent's motion on September 6, 2006. (Court Doc. 9.)

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of subject matter jurisdiction. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Subject Matter Jurisdiction

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after the statute's

enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004).

The Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. In certain cases, a state law may create a liberty interest protected by the Constitution. In examining questions of procedural due process, federal courts employ a two-step inquiry: 1) whether there exists a liberty or property interest which has been interfered with by the State, and 2) whether the procedures attendant upon that deprivation were constitutionally sufficient. Sass v. California Board of Prison Terms, __ F.3d __, 2006 WL 2506393 *3 (9th Cir. Aug. 31, 2006) (citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).)

The United States Supreme Court has expressly denied entitlement to a protected liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). "Nevertheless, early release statutes can create a 'liberty interest protected by due process guarantees.'" Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam), *quoting* Greenholtz, 442 U.S. at 12; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Moreover, "[a] state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Bermudez, 936 F.2d at 1067, citing Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985). However, no protected entitlement to release exists unless a state scheme includes a formula which mandates release after the occurrence of specified events. Baumann, 754 F.2d at 844 (stating that the unique "shall/unless" formula was decisive in Greenholtz). If there exists

3

mandatory language in a parole statute, then Petitioner has a protected liberty interest in parole release. Greenholtz, 442 U.S. at 11-12. If, however, the state merely holds out the possibility of parole, then such a hope is not protected by due process. Id.; Baumann, 754 F.2d at 844. Therefore, the Court must look to the California parole statutes to determine whether the unique structure and language of those statutes creates an entitlement to parole release or a presumption of expectation of parole release.

In Sass v. California Board of Prison Terms, the Ninth Circuit Court of Appeals, ruled that the District Court in Sass v. California Board of Prison Terms, 376 F.Supp.2d 976 (E.D. Cal. 2005) erred by finding that the California Supreme Court's decision in In re Dannenberg, 34 Cal.4th 1061 (2005), held that section 3041(b) does not use mandatory language. Sass v. California Board of Prison Terms, 2006 WL 2506393, at *3-4.

In Sass, the Ninth Circuit affirmed the district court's denial of the habeas petition finding the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Sass, 2006 WL 2506393, at *1. The Court stated that the Dannenberg Court never held California law did not provide a liberty interest in parole. Id. at *3. Rather, the California Supreme Court proceeded to the second step of the analysis in determining whether the procedures utilized were constitutionally sufficient. Id. Thus, the Ninth Circuit reasoned that the California Supreme Court would not have proceeded to this analysis if there was, in fact, no liberty interest. Id. (citing Ky. Dep't of Corr., 490 U.S. at 460.) Accordingly, based on the reasoning in the Ninth Circuit Court of Appeal's opinion in Sass, Petitioner continues to have a protected liberty interest in parole, and the instant petition is therefore not subject to dismissal for lack of subject matter jurisdiction.

C.     Merits of Claim

Respondent contends that even if there is a liberty interest in parole, this action should nonetheless be dismissed because Petitioner does not contest that he received all the process due under clearly established federal law.

As previously stated, Petitioner contends that his incarceration is illegal because his due

4

process rights were violated when Governor Schwarzenegger reversed the grant of parole "without a full and reasoned evaluation of all previously considered [sic] considered by the board of prison terms in granting the at issue parole date." (Petition, at 6.)

Rescission of a prisoner's parole comports with due process as long as "*some* evidence supports the decision." Caswell v. Calderon, 363 F.3d 832 (9th Cir. 2004) (citing McQuillion, 306 F.3d at 904, quoting Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (emphasis in original)).   Because Petitioner has alleged that the Governor's decision to rescind his parole date was not based on "some evidence," the petition states a claim for relief. Respondent is correct in Greenholtz, the Supreme Court held that a parole procedure satisfies due process when 1) the procedure "affords an opportunity to be heard," and 2) the inmate is informed "in what respects he falls short of qualifying for parole." Greenholtz, 442 U.S. at 16. However, the requirements of due process are satisfied only if "some evidence" supports the decision. Sass v. California Bd. Of Prison Terms, __ F.3d __; 2006 WL 2506393 *4 (9th Cir. Aug. 31, 2006); Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir.2003); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir.2002); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389 (9th Cir.1987) (adopting the "some evidence" standard set forth by the Supreme Court in Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)). "Additionally, the evidence underlying the board's decision must have some indicia of reliability." Jancsek, 833 F.2d at 1390. In Sass, the Ninth Circuit Court of Appeals rejected the State's argument that the "some evidence" standard was not clearly established law in the parole context, citing Superintendent v. Hill, 472 U.S. at 457.  Sass, 2006 WL 2506393 *4.

Based on the foregoing established law, the Court finds that Petitioner's claim that the Governor's decision to rescind the grant of parole was not based on the record states a cognizable due process claim via § 2254, and Respondent's motion to dismiss should be denied.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief be DENIED; and

5

  2. The matter be referred back to the Magistrate Judge for issuance of a fuether scheduling order.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**  **September 15, 2006**      **/s/ Dennis L. Beck**
3b142a               UNITED STATES MAGISTRATE JUDGE