1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   VINCENT HARRIS,                          1:06-cv-00462-OWW-DLB (HC)

10                        Petitioner,

                                            ORDER GRANTING ISSUANCE OF
11        v.                                CERTIFICATE OF APPEALABILITY

12
13  KATHY MENDOZA-POWERS,

                        Respondent.
14  _____/

15
16        On June 6, 2008, United States Circuit Judge Arthur L. Alarcon denied the instant

17  petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and judgment was entered

18  in favor of Respondent.  (Court Docs. 22, 23.)

19        On June 23, 2008, Petitioner filed a notice of appeal, along with a motion for a certificate

20  of appealability.  (Court Docs. 24, 25.)  On June 26, 2008, Judge Alarcon found that a certificate

21  of appealability was not required because Petitioner challenged the Governor's administrative

22  decision to overturn the Board of Prison Terms decision finding him suitable for parole, citing

23  Rosas v. Nielsen, 428 F.3d 1229, 1231 (9th Cir. 2005).  (Court Doc. 26.)

24        On May 4, 2010, this action was remanded to this Court for the limited purpose of

25  granting or denying a certificate of appealability pursuant to Hayward v. Marshall, __ F.3d __

26  2010 WL 1664977 *5 (April 22, 2010) (en banc), which overruled prior circuit precedent, and

27  found "[a] certificate of appealability is necessary to confer jurisdiction on this court in an appeal

28

1

1   from a district court's denial of habeas relief in a § 2254 case, regardless of whether the state

2   decision to deny release from confinement is administrative or judicial."[1]

3       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

4   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

5   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute, 28 U.S.C. § 2253,

6   provides as follows:

7       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
        judge, the final order shall be subject to review, on appeal, by the court of appeals for the
8       circuit in which the proceeding is held.

9       (b) There shall be no right of appeal from a final order in a proceeding to test the validity
        of a warrant to remove to another district or place for commitment or trial a person
10      charged with a criminal offense against the United States, or to test the validity of such
        person's detention pending removal proceedings.

11
        (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
12      not be taken to the court of appeals from--

13          (A) the final order in a habeas corpus proceeding in which the detention
            complained of arises out of process issued by a State court;  or
14
            (B) the final order in a proceeding under section 2255.
15
        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
16      made a substantial showing of the denial of a constitutional right.

17      (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
        or issues satisfy the showing required by paragraph (2).
18

19      If a court denies a petitioner's petition, the court may only issue a certificate of

20  appealability "if jurists of reason could disagree with the district court's resolution of his

21  constitutional claims or that jurists could conclude the issues presented are adequate to deserve

22  encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

23  484 (2000).

24      In the instant case, the Court finds that reasonable jurists may disagree with respect to this

25  Court's determination to deny the instant petition for writ of habeas corpus.  Accordingly, a

26  certificate of appealability is GRANTED on the issue of whether the state court rejection of

27  _____

28      [1] On May 10, 2010, the action was reassigned to the undersigned and Magistrate Judge Dennis L. Beck.
    (Court Doc. 31.)

1   Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established

2   Federal law as determined by the Supreme Court of the United States, or resulted in a decision

3   that was based on an unreasonable determination of the facts in light of the evidence presented.

4           Accordingly, the Court HEREBY ORDERS the issuance of a certificate of appealability.

6           IT IS SO ORDERED.

7   **Dated:**   **May 13, 2010**                 **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE